**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 21-2241**

———————————

HATTERAS/CABO YACHTS, LLC, a foreign limited liability company,

        Plaintiff – Appellee,

and

BRUNSWICK CORPORATION; VERSA CAPITAL MANAGEMENT, LLC,

        Defendants – Appellees,

v.

M/Y EPIC (OFFICIAL NUMBER 747618, HIN: US-HATHR3021617), her engines, boilers, tackle, apparel, etc., in rem; ACQUAVIVA, LTD., a foreign company,

        Defendants – Appellants,

and

DANIEL SPISSO,

        Intervenor/Defendant – Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. W. Earl Britt, Senior District Judge. (4:17−cv−00025−BR)

———————————

Submitted: November 22, 2022        Decided: February 15, 2023

———————————

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** J. Elizabeth Graddy, GRADDY LAW LLC, Atlanta, Georgia; William F. Rhodes, WILLIAM F. RHODES, P.A., Miami, Florida, for Appellants. Krista Fowler Acuña, Elisha M. Sullivan, Michael J. Dono, HAMILTON, MILLER & BIRTHISEL, LLP, Miami, Florida, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises from Hatteras/Cabo Yachts, LLC's provision of storage and maintenance to the motor yacht Epic ("M/Y Epic"), following a fire that occurred on its maiden voyage. Daniel Spisso had just purchased and taken possession of the yacht from Hatteras. After the fire, he attempted to revoke the purchase of the yacht, claiming its fire system failed to operate properly. He left the damaged yacht in Hatteras's possession but refused to allow Hatteras to complete the repairs covered under warranty. As a result, the yacht was stored at Hatteras's facility for approximately five months. Then, allegedly performing a "sea trial," or stated differently, taking the boat out to assess its condition, Spisso sailed away on the yacht without paying for its storage and maintenance.

In response, Hatteras filed a claim in the Eastern District of North Carolina, asserting a maritime lien in the amount of the maritime necessaries[1] and seeking recovery of that same amount. Spisso and Acquaviva, Ltd., a single-asset corporation Spisso formed to own the yacht, counterclaimed for breach of contract, breach of warranties, violations of the Magnuson-Moss Warranty Act, negligence, conversion, wrongful arrest and abuse of process, bad faith, violations of North Carolina law and unjust enrichment.[2]

---

[1] Under maritime law, "necessaries" is a statutorily defined term that "includes repairs, supplies, towage, and the use of a dry dock or marine railway." 46 U.S.C. § 31301(4). Here, Hatteras's claim for necessaries included the provision of "dockage, electrical power, line handling and associated inspections, washing, and transportation expenses, including Captains' fees." J.A. 47.

[2] Prior to trial, the court granted Hatteras's motion for summary judgment in part, leaving Hatteras's claim for maritime necessaries and defendants' counterclaims for breach

3

Following a bench trial, the district court held that Spisso's attempted revocation was not justifiable. It also held that Hatteras was not liable on any counterclaims and awarded Hatteras $17,382.25, plus prejudgment interest, for the maritime necessaries Hatteras provided to the M/Y Epic.

M/Y Epic (as a party in rem), Acquaviva and Spisso appeal the award. Appellants argue that the district court lacked subject matter jurisdiction; misapprehended the applicable provisions of the Uniform Commercial Code; misapprehended the standards for Appellants' negligence claim; misapprehended the requirements of express warranty; misapplied the North Carolina Unfair and Deceptive Trade Practices Act; and misapprehended the law governing relief available to Spisso. Following a bench trial, we review the district court's conclusions of law de novo and factual findings under a clearly erroneous standard. *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019).

Having reviewed the record and the parties' briefs, we find no reversible error by the district court. We therefore affirm its judgment in favor of Hatteras. *Hatteras/Cabo Yachts, LLC v. M/Y Epic*, No. 4:17-cv-00025-BR, 2021 WL 4468926 (E.D.N.C. Sept. 29, 2021).

---

of contract, breach of warranties, violation of the Magnuson-Moss Warranty Act, negligence, conversion, bad faith and unfair and deceptive trade practices for trial.

4

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*